Larry Gene SMITH *v.* STATE of Arkansas

CR 82-89                                    675 S.W.2d 627

Supreme Court of Arkansas
Opinion delivered September 17, 1984

Appellant, *pro se*.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

PER CURIAM. Petitioner Larry Gene Smith was found guilty by a jury of two counts of aggravated robbery and sentenced to consecutive terms of 20 years imprisonment on each count. We affirmed. *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37.

Petitioner first contends that he should not have been convicted of two aggravated robberies because both robberies grew out of one criminal episode. Although both crimes were committed in the same place and at nearly the same time, there were two victims, and, thus, two separate aggravated robberies. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981).

He next argues that the State improperly used its preemptory challenges to exclude all but one black person from the jury and that counsel was ineffective for failing to object to the composition of the jury. We have previously held that the mere fact that the State challenged prospective black jurors does not constitute a showing that the defendant's constitutional rights were violated. *Miller* v. *State*, 269 Ark. 341, 605 S.W.2d 430 (1980); *Rogers* v. *State*, 257 Ark. 144, 515 S.W.2d 79 (1974). Petitioner's conclusory allegation of prejudice arising from the jury selection process is not enough to demonstrate that he was denied his right to an impartial jury or that counsel was remiss in not objecting to the panel.

Kory Zuniga, one of the two men whom petitioner robbed, was not present at trial. The other victim, Mark Kessinger, and James Donaldson, an eyewitness to the crime, each gave an account of petitioner's robbing Zuniga. Petitioner alleges that Kessinger's testimony was hearsay and that he was denied the right to confront his accuser because Zuniga did not testify. There is no requirement that a criminal defendant be allowed to confront every witness to the crime. *Holloway* v. *State*, 268 Ark. 24, 594 S.W.2d 2 (1980). Kessinger's testimony that he watched the aggravated robbery of Zuniga was admissible and constituted sufficient evidence to support the jury's verdict.

Petitioner was asked on cross-examination if he had been convicted of a felony. When he admitted to a prior felony conviction, the prosecutor inquired as to the number of counts. Petitioner alleges that the questioning was improper. He also argues that the State was not entitled to bring up the prior convictions without providing documentary proof of them. Neither allegation has merit. Once the petitioner took the stand, he was subject to cross-examination about his prior felony convictions. *Jones* v. *State*, 282 Ark. 56, 665 S.W.2d 876 (1984). Moreover, both issues could have been raised at trial but were not and cannot now be raised in a petition for postconviction relief. Questions not raised in accordance with the controlling rules of procedure are waived, unless they present a matter of such fundamental nature that the judgment would be rendered void. *Neil* v. *State*, 270 Ark. 442, 605 S.W.2d 421 (1980).

James Donaldson, who was working at a nearby service station, observed petitioner take a wallet from one of the victims. He immediately went inside and telephoned the police. Petitioner contends that if counsel had investigated Donaldson's version of the events he would have learned that the crime scene wasn't visible from the service station office; but, as Donaldson testified to seeing the crime from the outside, the point would have no bearing on the case.

A police officer patrolling in the vicinity responded to Donaldson's report and saw petitioner running from the scene of the robbery. He apprehended him after a short chase and retrieved Kessinger's wallet. The officer returned petitioner to the service station where Donaldson identified him as the robber. Petitioner alleges that counsel should have objected on the ground that this pretrial identification tainted Donaldson's in-court identification.

The criterion for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland* v. *Washington*, ___ U.S. ___, 104 S. Ct. 2052 (1984). We find nothing to indicate that counsel's conduct here denied

petitioner a fair trial. It is the likelihood of misidentification that taints the out-of-court identification process. *Harrison v. State,* 276 Ark. 469, 637 S.W.2d 549 (1982); *James & Elliot v. State,* 270 Ark. 596, 605 S.W.2d 448 (1980). A "show up" rather than a line up does not violate a defendant's constitutional rights unless there are other circumstances rendering the identification unreliable. *Neal v. Biggers,* 409 U.S. 188 (1972); *Harrison v. State.* The victim Kessinger pointed out the petitioner to the police officer. The officer immediately gave chase. Shortly after petitioner was arrested, he was taken to Donaldson who identified him. Since there was no substantial likelihood of misidentification and there was independent evidence of petitioner's identity, Donaldson's in-court identification was not unreliable.

Petitioner asserts that counsel failed to call any defense witnesses. He does not, however, say what witnesses were available or what their testimony would have been. Allegations without factual support do not warrant an evidentiary hearing. *Bosnick v. State,* 275 Ark. 52, 627 S.W.2d 23 (1983).

Petitioner alleges that counsel allowed too many leading questions without objecting. He cites several examples but none are sufficient to establish that he was denied a fair proceeding by counsel's failure to object. Without a showing of some prejudice, there is no basis for granting postconviction relief. *Strickland v. Washington.*

Petitioner chose to testify and now contends that he would not have done so if counsel had told him that his prior felony record could be brought out. Petitioner does not deny that he was in fact convicted of the prior felonies. When an accused takes the stand he may be asked as a means of attacking his credibility whether he has been convicted of a crime, unless the probative value of the testimony does not outweigh its prejudicial effect. Unif. R. Evid., Rule 609. The question of whether the accused should take the stand is a difficult one, particularly where the accused has been previously convicted of a crime. Counsel may advise, but the actual decision must be made by the accused. *Watson v. State,* 282 Ark. 246, 667 S.W.2d 953 (1984). Ordinarily, counsel's advice is a matter of trial strategy and outside the

purview of Rule 37, but in petitioner's case he is alleging that counsel failed to fully advise him about the rules of evidence and thus caused him to testify to a fact that prejudiced him. As with all allegations of ineffective assistance of counsel, petitioner must demonstrate by clear and convincing evidence not only that counsel's conduct prejudiced him but that it denied him a fair trial. This is a heavy burden which petitioner has not met. The purpose of Rule 609 is to allow the witness's credibility to be impeached. *Floyd* v. *State*, 278 Ark. 342, 645 S.W.2d 690 (1983). The rule does not permit proof of an earlier crime merely to bolster the prosecution's case by showing that the accused is of bad character and likely to commit other crimes. *Jones* v. *State*, 274 Ark. 379, 625 S.W.2d 471 (1981). Here, petitioner's credibility may have been affected adversely by his testimony, but the effect was not so prejudicial that it tainted his entire trial to the degree that the proceeding was unfair. Even if petitioner would have been better off not taking the stand, mere mistakes on counsel's part do not establish the denial of a fair trial. *Hayes* v. *State*, 280 Ark. 509, 660 S.W.2d 648 (1983).

Petitioner's final allegation concerns an agreement between counsel and the prosecutor that the jury would be instructed that the sentencing range for aggravated robbery was from six to forty years or life. The agreement came about because the aggravated robbery statute which set the range at five to fifty years or life conflicted with the provisions of Act 620 of 1981, which provides that aggravated robbery was punishable as a class Y felony by a sentence of ten to forty years or life. The law in effect at the time of the offense controls sentencing for the offense. *Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981). When petitioner committed the two aggravated robberies on July 22, 1981, Act 620 was in effect. He could therefore have suffered no prejudice from the jury's being instructed that the minimum sentence was less than the actual sentence under the applicable law. *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982). Moreover, petitioner received twenty-year sentences which were within the statutory range under either law.

Petition denied.