Sammy Joe ELMORE *v.* STATE of Arkansas

CR 85-25                                      684 S.W.2d 263

Supreme Court of Arkansas
Opinion delivered February 18, 1985

*John Wesley Hall, Jr.,* for petitioner.

*Steve Clark,* Att'y Gen. by: *Michael E. Wheeler,* Asst. Att'y Gen., for respondent.

PER CURIAM. Petitioner was found guilty by a jury of attempted capital murder and fleeing. He was sentenced to terms of ten and three years imprisonment in the Arkansas Department of Correction. The Court of Appeals affirmed. *Elmore* v. *State,* 13 Ark. App. 221, 682 S.W.2d 759 (1985). Petitioner has now filed a petition for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the allegation that his trial attorney, Bob Scott, was ineffective.

Petitioner alleges that counsel failed to subpoena witnesses, did not prepare for trial adequately, and was ineffective in the questioning of witnesses. He also contends that there was a conflict of interest because counsel intended to file a civil suit in petitioner's behalf, the outcome of which was likely to be affected by the outcome of the criminal proceeding.

To prevail on an allegation of ineffective assistance of counsel, the petitioner has the heavy burden of overcoming the presumption that counsel is competent. *Travis* v. *State,* 283 Ark. 478, 678 S.W.2d 341 (1984). The presumption cannot be overcome without factual substantiation for the allegation sufficient to show that counsel's conduct undermined the adversarial process and resulted in actual prejudice to the degree that petitioner was denied a fair trial. *Strickland* v. *Washington,* ___ U.S. ___ , 104 S.Ct. 2052 (1984). Petitioner has not met that burden.

Petitioner offers no proof that the civil suit affected counsel's conduct at trial. He also fails to provide in the petition specific instances of poor trial performance beyond the general statement that the questioning of witnesses was inadequate. Petitioner's allegation that counsel did not subpoena witnesses would be deserving of an evidentiary hearing, but petitioner fails to state in the petition what the witnesses' testimony would have been. As a result, we cannot determine whether the witnesses were important to the defense. This Court will not peruse the record in an attempt to determine what factual grounds, if any, exist for an allegation. *Hill* v. *State,* 278 Ark. 194, 664 S.W.2d 282 (1983).

Petitioner also contends that the prosecutor offered to recommend a suspended sentence on the fleeing charge and drop the attempted capital murder charge if petitioner would enter a guilty plea. He alleges that counsel never communicated the plea offer to him. The affidavit of the deputy prosecutor is attached to the petition verifying that he discussed the negotiated plea with counsel but counsel refused it.

We have held that a plea agreement is an agreement between the accused and the prosecutor, not an agreement between counsel and the prosecutor. *Rasmussen* v. *State,* 280 Ark. 472, 658 S.W.2d 867 (1983); *see also* A.R.Cr.P. 25.2. As such, counsel has the duty to advise his client of an offer of a negotiated plea. Before this Court will order an evidentiary hearing in circuit court, however, the petitioner must allege that he would have accepted the plea. Accordingly, the petition is denied without prejudice to the filing of a subsequent petition addressing the failure to communicate a plea bargain. In all other respects the petition is denied with prejudice.

Petition denied without prejudice in part and with prejudice in part.

HAYS, J., would deny.