## Gary LOMAX *v.* STATE of Arkansas

CR 84-195 688 S.W.2d 283

Supreme Court of Arkansas
Opinion delivered April 22, 1985

*Ricky Gill,* for appellant.

*Steve Clark,* Att'y Gen., by: *Michael E. Wheeler,* Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant Gary Lomax was found guilty by a jury of aggravated robbery and sentenced to a term of 20 years imprisonment in the Arkansas Department of Correction. He subsequently filed a petition pursuant to A.R.Cr.P. Rule 37 to vacate the sentence, alleging ineffective assistance of counsel. The petition was denied without a hearing and appellant brings this appeal.

Pursuant to *Anders* v. *California,* 386 U.S. 738 (1967), appellant's counsel has filed a motion to be relieved and a brief stating there is no merit to the appeal. Appellant was notified of his right to file a *pro se* brief within 30 days. *See* Rules of the Supreme Court, Rule 11(h), Ark. Stat. Ann. Vol. 3A (Supp. 1983). He did not file a brief. The State concurs that the appeal has no merit.

Petitioner alleged in his petition for postconviction relief that counsel was ineffective for urging him to accept a plea bargain, advising him not to testify and failing to perfect an appeal. Neither urging an accused to accept a negotiated plea nor merely advising him against taking the stand constitutes ineffective assistance of counsel. Both are matters of strategy and therefore outside the purview of Rule 37. *Smith* v. *State,* 283 Ark. 264, 675 S.W.2d 627 (1984).

The circuit court need not hold an evidentiary hearing where it can be conclusively shown on the record or the face of the petition itself, as it can be in this case, that the allegations have no merit. *See Rawls* v. *State,* 264 Ark. 954, 581 S.W.2d 311 (1979). On appeal, we affirm the trial court's denial of postconviction relief unless it is clearly against the preponderance of the evidence. *Knappenberger* v. *State,* 283 Ark. 210, 672 S.W.2d 54 (1984). The trial court's decision here was not clearly against the preponderance of the evidence.

With regard to petitioner's claim that his attorney failed to appeal when requested to do so, petitioner was entitled at most to a belated appeal, but he failed to request one in accordance with A.R.Cr.P. Rule 36.9 which governs motions for belated appeal. Appellant was committed in February, 1982, and therefore could have filed a motion for belated appeal in this Court at any time between that date and August, 1983, which was eighteen months after the date of commitment. Rule 36.9. He did not file such a motion. Instead, petitioner raised the question of whether counsel was ineffective for failure to appeal in his Rule 37 petition, filed April 11, 1984. Rule 37, however, is not a means of by-passing a motion for belated appeal. If it were construed to be so, an appellant could simply ignore the rule limiting

the time for filing a motion for belated appeal in favor of filing a Rule 37 petition which may be filed at any time up to three years from the date of commitment. *See* Rule 37.2(c).

From a review of the record and briefs before this Court, we find the appeal to be without merit. Accordingly, counsel's motion to be relieved is granted and the judgment is affirmed.

Affirmed.