Jimmie WILBURN *v.* STATE of Arkansas

CR 86-7                                    730 S.W.2d 491

Supreme Court of Arkansas
Opinion delivered June 8, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Jimmie Wilburn was found guilty by a jury of first degree murder and sentenced to life imprisonment. We affirmed. *Wilburn v. State*, 289 Ark. 224, 711 S.W.2d 760 (1986). Petitioner now seeks permission to proceed in circuit court pursuant to Criminal Procedure Rule 37.

Petitioner first requests a copy of the transcript of his trial to enable him to "further prepare and amend" his petition. He does not explain specifically why a copy of the record is necessary to amend the petition and he has not filed a motion to amend in this court. Before a request for transcript will be granted, the petitioner must show that he has some reasonably compelling need for specific documentary evidence to support a particular ground for postconviction relief in the amended petition. *See Chavez v. Sigler*, 438 F.2d 890 (8th Cir. 1971). Petitioner does not contend that he has any specific need for documentary evidence.

Petitioner next alleges that he was not afforded the effective assistance of counsel guaranteed by the sixth amendment to the

United States Constitution. He contends that counsel failed to argue that his confession should be suppressed as the fruit of an illegal arrest. As support for the allegation, petitioner argues that there was no probable cause to arrest him, that the arrest warrant was based on uncorroborated information and that the police entered his home without his consent.

There is a strong presumption that counsel was effective. *Strickland* v. *Washington*, 466 U.S. 668 (1984). To prove ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that counsel made an error so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment to the Constitution. Second, the deficient performance must have resulted in prejudice so pronounced as to have deprived the petitioner of a fair trial whose outcome cannot be relied on as just. Even if counsel could have made a meritorious motion to suppress, the judgment must stand, unless the petitioner demonstrates that the failure to file the motion had a prejudicial effect on the outcome of the trial. *Strickland* v. *Washington, supra.* A reasonable probability that but for counsel's conduct the result of the proceeding would have been different is a probability sufficient to undermine confidence in the outcome. *Pruett* v. *State*, 287 Ark. 124, 697 S.W.2d 872 (1985).

We find no basis to conclude that counsel was ineffective for failing to move to suppress petitioner's confession on the grounds that it was obtained as a result of an illegal arrest. Petitioner himself cites information provided to the police by several persons on which the authorities based their arrest warrant. It was not necessary for the police to have proof beyond a reasonable doubt that petitioner was guilty before arresting him.

With regard to petitioner's allegation that there was no consent to enter his residence, the record indicates that his stepson opened the door for the police. Petitioner does not contend that the stepson was not a resident and capable of giving consent to enter.

Petitioner next alleges that counsel erred in failing to object to the introduction into evidence of a handgun which was similar to the murder weapon. Petitioner further alleges that counsel should have objected to testimony by a firearms expert on

the damage a .44 magnum handgun can do. As petitioner does not state where in the record the firearms expert testified about the damage such a gun could inflict or how he was prejudiced by the testimony, the allegation does not warrant consideration. This court will not search the record in an attempt to find factual support for an allegation. *Troutt* v. *State*, 292 Ark. 192, 729 S.W.2d 139 (1987).

We find no basis on which to conclude that counsel was ineffective since petitioner has not shown that he was prejudiced by the display in court of a gun similar to the murder weapon. While it is true that the murder weapon was never found, petitioner said in his confession that the weapon was a .44 magnum Ruger, single-action pistol. The State showed a similar gun to witnesses, but it was made clear that the gun exhibited in court was not the murder weapon. Contrary to petitioner's claim, the gun shown to the witnesses was not introduced into evidence or displayed to the jury in closing argument.

■ Petitioner alleges that his attorney was ineffective in failing to object to his wife's testifying against him. He bases the allegation on our decision in *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986), which held that the Uniform Rules of Evidence were not validly adopted by the legislature in 1976. Petitioner is correct that the Uniform Rules of Evidence were adopted in an invalid session, thus invalidating Rule 504 which permitted one spouse to testify against the other. Act 14 in 1943 which was in effect at the time of petitioner's trial prohibited one spouse from being called by the opposite party as a witness against the other spouse. This is not to say, however, that counsel was ineffective under the standards of Rule 37 for not objecting to the wife's testimony. The objection raised in *Ricarte* turned on an unusual set of circumstances with respect to which counsel advanced a novel, albeit successful, argument in an obscure area of the law. There can be no doubt that before *Ricarte* other highly competent attorneys faced with the decision of whether to object to testimony by a spouse had failed to recognize the merit in the argument raised in *Ricarte*. This court is not willing to conclude that an attorney is ineffective for failing to ferret out such an issue. As a result, we hold that the failure of an attorney to raise the issue decided in the *Ricarte* case does not constitute ineffective assistance of counsel.

■ Petitioner next asserts that counsel did not object to the unconstitutional process by which the jury was selected. He contends specifically that the number of black jurors was not in keeping with the percentage of black persons in the community and that the prosecution used its peremptory challenges to exclude black jurors. Counsel filed a motion to quash the jury panel on the grounds that the jury selection process unfairly discriminated against young people and blacks. Since counsel *did* object to the jury's selection process, there is no basis for the allegation that he should have done so. Petitioner has further failed to state facts to establish that the State misused its peremptory challenges. Allegations without factual support do not justify an evidentiary hearing. *Smith* v. *State*, 283 Ark. 264, 675 S.W.2d 627 (1984).

Petitioner finds fault with counsel for not investigating evidence of juror bias. As substantiation for the allegation, he has attached the affidavits of his two sisters and a brother-in-law that they overheard two female jurors making the comments, "We can't let that guy go; that's that man's son." and a male juror saying to a female juror "I know he's guilty." In one of the affidavits, the affiant states that counsel for the petitioner was informed of the jurors' comments and that counsel in turn informed the trial judge. According to the affiant, the judge then told the jury not to discuss the trial outside of the courtroom. The petitioner does not name the jurors or state where in the record the judge's admonition to the jury can be found.

■ Jurors are presumed unbiased. *Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984). Petitioner is responsible for demonstrating actual bias on the part of a juror. *Jeffers* v. *State*, 280 Ark. 458, 658 S.W.2d 869 (1983). The bare allegation that members of petitioner's family overheard unnamed jurors discussing the case is not enough to prove that any particular juror at petitioner's trial was biased.

■ Finally, petitioner contends that counsel should have objected and requested a mistrial when the prosecutor said in his closing argument that the victim was not there to tell what happened because petitioner had shot him to keep him from telling what he knew. The prosecution is permitted to draw whatever inferences are reasonable from the evidence. *Long* v.

*State*, 260 Ark. 417, 542 S.W.2d 742 (1976). It was not unreasonable to conclude that the victim was not present to tell his story because he had been killed. Petitioner was tried for aggravated robbery of the victim as well as murder. The mere suggestion in closing argument that petitioner had been motivated to kill the victim by his desire to leave no witness to the robbery was not in itself sufficient to deny petitioner a fair trial. Clearly, the failure to object to the prosecutor's comment was not ineffective assistance of counsel under the criteria of *Strickland* v. *Washington, supra.*

Petition denied.