Robert Reece THOMPSON v. STATE of Arkansas

CR 91-260                                                     821 S.W.2d 37

Supreme Court of Arkansas
Opinion delivered December 23, 1991

*John Joplin*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Robert Reece Thompson, asks this court to reverse the Crawford County Circuit Court's denial of appellant's motion to withdraw his previously entered guilty plea. On October 5, 1990, appellant pleaded guilty to the offenses of burglary, theft of property, and being a felon in possession of a firearm. On the same date, the trial court sentenced appellant to serve 25 years in the Arkansas Department of Correction with twelve years suspended subject to certain conditions. On October 19, 1990, the trial court received a pro se motion from appellant petitioning the court to allow appellant to withdraw his guilty plea on grounds that appellant had received ineffective assistance of counsel. The trial court treated appellant's motion as a motion for new trial under A.R.Cr.P. Rule 37, and conducted a hearing on October 25, 1990. The trial court denied appellant's motion after finding that appellant had received effective assistance of counsel, and that appellant voluntarily entered his guilty plea with knowledge and understanding of the consequences. We affirm.

At the time appellant entered his plea, A.R.Cr.P. Rule 37 had been abolished and A.R.Cr.P. Rule 36.4, as amended, was in effect. While Rule 37 has since been reinstated, and Rule 36.4 has been amended once again, Rule 36.4 provided the appropriate post-conviction remedy at the time appellant entered his guilty plea. The trial court was correct in treating appellant's motion as a motion for post-conviction relief because motions for a plea withdrawal under A.R.Cr.P. Rule 26.1 are considered untimely if filed after sentencing. *Malone* v. *State*, 294 Ark. 376, 742 S.W.2d 945 (1988). In *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977), this court held'that a motion under Rule 37 is necessary after a sentence has been carried into execution. As we have determined that Rule 36.4, rather than Rule 37, provided the appropriate post-conviction remedy at the time of appellant's plea, we consider this case an appeal authorized by Rule 36.4 as it read at the time appellant entered his guilty plea.

This court will not reverse a trial court's denial of post-conviction relief unless the findings are clearly erroneous. *Owens* v. *State*, 296 Ark. 322, 756 S.W.2d 899 (1988). In a petition based on an ineffective assistance of counsel claim, a petitioner must show, first, that counsel's representation fell below an objective standard of reasonableness, and second, that a reasonable probability exists that but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Strickland* v. *Washington*, 466 U.S. 668 (1984); *Furr* v. *State*, 297 Ark. 233, 761 S.W.2d 160 (1988); *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986). In order to satisfy the "outcome" prong of the *Strickland* standard, an appellant challenging a guilty plea must show that he would not have pled guilty and would have insisted on a trial. *Hill* v. *Lockhart*, 474 U.S. 52 (1985). We have recognized that a defendant whose conviction is based on a plea of guilty will have difficulty in proving prejudice under the *Strickland* standard since his plea rests on his admission in court that he did the act with which he is charged. *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986), *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

Appellant claims that his attorney coerced him into entering a guilty plea by informing him on the day of trial that he would not receive a fair trial because the jury was all white.

(Appellant is black.) Appellant further alleges that counsel informed him on the day of trial that he would receive a life sentence plus one hundred twenty-five years if appellant chose to go to trial. Finally, appellant argues that since his attorney failed to advise him that October 5, 1990 was his trial date, appellant was inappropriately dressed in his prison jumpsuit. Appellant argues that his prison attire factored into his decision to plead guilty because of appellant's belief that the prison clothes would prejudice the jury against him. In addition to these specific allegations of his attorney's ineffectiveness, appellant argues that counsel did not return his phone calls, did not meet with appellant on enough occasions to discuss appellant's case, and did not discuss with appellant the merits of the state's case against appellant. However, this court has held that general assertions that counsel did not meet with the defendant enough, or did not aggressively prepare for trial are not sufficient to establish an ineffective assistance of counsel claim. *Furr, supra.*

Both appellant and his attorney testified at the hearing on appellant's motion to withdraw his plea. While appellant testified to the allegations of error raised on appeal, his attorney denied appellant's allegations. Appellant's attorney testified that he never told appellant that appellant would not receive a fair trial because of prejudice, and never told appellant he would be sentenced to life plus a hundred and twenty-five years. The attorney further testified that he had gone over the plea proceedings with appellant on the day before appellant entered his plea, and that appellant knew what to expect on the morning of the plea. Appellant's attorney testified that he had never seen anyone so happy to take a plea, and that appellant actually gave a "high five" when the attorney informed appellant of the plea agreement. At the conclusion of the hearing, the trial court found that appellant knowingly and voluntarily entered his guilty plea and that appellant had received effective assistance of counsel. The trial court further stated its belief that appellant never wanted to go to trial, but wanted only "the best sentence he could get."

This court has stated that conflicts in testimony are for the trial judge to resolve, and he is not required to believe any witness' testimony, especially the testimony of the accused since he has the most interest in the outcome of the proceedings. *Huff v. State, supra; Smith v. State,* 286 Ark. 247, 691 S.W.2d 154

(1985). Certainly, in the instant case, we cannot say that the trial court's decision was clearly erroneous.

Affirmed.