Franklin Allen ROWE *v.* STATE of Arkansas

CR 94-261                                                    883 S.W.2d 804

Supreme Court of Arkansas
Opinion delivered September 19, 1994

*Gene O'Daniel*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged with possession of marijuana with intent to deliver after police seized more than fifty pounds of marijuana from a concealed compartment in the gasoline tank of the truck he was driving. Appellant employed counsel who filed a motion to suppress the search of the truck and the seizure of the marijuana. On July 28, 1993, appellant pleaded guilty to possession of marijuana with intent to deliver and was sentenced to ten years in prison with five years suspended. He began serving his sentence and on August 24, 1993, filed a motion to withdraw his plea of guilty because he said he had a "change of heart." The trial court denied the motion. Appellant appeals and argues that he should be allowed to withdraw his plea because of ineffective assistance of counsel. We affirm the ruling of the trial court.

A motion to withdraw a plea of guilty is untimely after the sentence is placed into execution. A.R.Cr.P. Rule 26.1; *Shipman* v. *State*, 261 Ark. 559, 550 S.W.2d 424 (1977). Appellant's motion to withdraw his guilty plea was filed after the sentence was placed into execution. Consequently, it was untimely and will not be considered pursuant to Rule 26. *Rawls* v. *State*, 264 Ark. 954, 581 S.W.2d 311 (1979). However, appellant argued that his counsel was ineffective, and that allegation is cognizable under A.R.Cr.P. Rule 37. *Id.* at 957-581, 581 S.W.2d at 313; *see also Simmons* v. *State*, 265 Ark. 48, 50-51, 578 S.W.2d 12, 14 (1979). A trial court can treat an untimely Rule 26 motion as a Rule 37 motion. *See, e.g., Thompson* v. *State*, 307 Ark. 492, 494, 821 S.W.2d 37, 38 (1991). The trial court apparently treated appellant's motion as a Rule 37 motion, and we review it as such.

We will not reverse a trial court's denial of postcon-

viction relief unless the ruling was clearly erroneous. *Thompson v. State*, 307 Ark. 492, 821 S.W.2d 37 (1991). Appellant contended that his counsel was ineffective at the time he pleaded guilty. In order to show ineffectiveness of counsel a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, the outcome would have been different. *Strickland* v. *Washington*, 466 U.S. 668 (1984); *Huff* v. *State*, 289 Ark. 404, 711 S.W.2d 801 (1986).

Appellant contends that his attorney was ineffective because he did not pursue the motion to suppress. Counsel testified that he did not think he could prevail on the motion and that the prosecutor had offered to recommend a sentence of ten years with five years suspended. Counsel further testified that the prosecutor added the condition that if it became necessary to expend time on the motion to suppress, the information would be amended to allege that appellant was a habitual criminal and that one of his prior convictions was a prior drug conviction. In fact, appellant had two prior convictions, and one of those was for a drug charge. Counsel testified that he and appellant discussed the plea offer in detail and weighed it against the likelihood of appellant's being tried and sentenced as a habitual offender. Counsel testified that he thoroughly advised appellant of the consequences of entering a guilty plea. Appellant disputed his counsel's testimony. The trial court found that appellant was thoroughly and adequately advised of the consequences of entering a guilty plea and knowingly, intelligently, and voluntarily pleaded guilty. There was substantial evidence to support the trial court's finding; therefore, it was not clearly erroneous.

Affirmed.