Sean RIGGINS *v.* STATE of Arkansas

CR 96-652                                          946 S.W.2d 691

Supreme Court of Arkansas
Opinion delivered June 23, 1997

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Sean Riggins appeals from denial of his request for postconviction relief sought pursuant to Ark. R. Crim. P. 37. Mr. Riggins was convicted of first-degree murder and sentenced to fifty years' imprisonment on July 20, 1993. We affirmed his conviction in an opinion delivered on September 12, 1994. *Riggins v. State*, 317 Ark. 636, 882 S.W.2d 664 (1994). Mr. Riggins sought postconviction relief on the ground that his counsel failed to communicate to him an offer by the State of a plea agreement pursuant to which the State would have recommended a sentence of fifteen years' imprisonment in exchange for Mr. Riggins's agreement to testify against others involved in the crime. He also contended his counsel failed to seek a sentence consistent with those received by others involved in the crime of which he was convicted as an accomplice. The other defendants received sentences of no more than 35 years. We affirm the denial of postconviction relief.

As recited in our opinion affirming the conviction, the evidence showed that Mr. Riggins joined with others in shooting at a vehicle in which one occupant was killed and the other wounded. Mr. Riggins wielded a shotgun while his compatriots shot with pistols. The death and injury were caused by pistol bullets, but two shotgun slugs also hit the target car.

## 1. Plea agreement

Counsel who represented Mr. Riggins at the trial testified at the postconviction hearing that he could not remember whether an offer of a plea agreement had been made by the State. Mr. Riggins and the State, however, stipulated that such an offer

was made. Failure to communicate a plea agreement offer to a defendant has been held to be ineffective assistance of counsel. *Elmore v. State,* 285 Ark. 42, 684 S.W.2d 263 (1985); *Rasmussen v. State,* 280 Ark. 472, 658 S.W.2d 867 (1983). The issue thus became whether the offer was communicated to Mr. Riggins.

We cannot gainsay the Trial Court's remark that "there [w as] no substantial evidence to support the defendant's claim that his counsel failed to convey a plea offer to him." Counsel's statement that he could not recall a plea offer to Mr. Riggins did not constitute an admission of failure to convey such an offer. He was not asked if he failed to communicate any offer that might have been given or if it was his practice in any case to decline to convey such an offer to a client.

The Trial Court's statement that there was no substantial evidence that the offer was not conveyed was a clear indication that he did not regard Mr. Riggins's testimony as credible on the point. The Judge was, of course, not required to believe that testimony. *Thompson v. State,* 307 Ark. 492, 821 S.W.2d 37 (1991); *Smith v. State,* 286 Ark. 247, 691 S.W.2d 154 (1985).

### 2. *Comparative sentences*

While it is true that the Trial Court could have honored a request for leniency pursuant to Ark. Code Ann. § 16-90-107(e) (1987), Mr. Riggins has not shown that the outcome of his trial would have been different had his counsel requested consideration of the sentences received by the others who were involved in the crime of which he was convicted. We do not reverse absent such a showing, *Strickland v. Washington,* 466 U.S. 668 (1984); *Johnson v. State,* 325 Ark. 44, 924 S.W.2d 233 (1996), and absent a showing that the Trial Court's decision on the matter was clearly erroneous. *Rowe v. State,* 318 Ark. 25, 883 S.W.2d 804 (1994).

Affirmed.