# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 00-1344

_____

| | | |
|---|---|---|
| Sean Riggins, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 14, 2000
Filed: February 1, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Sean Riggins appeals the district court's[1] denial of his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 (1994 & Supp. IV 1998). We affirm.

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas.

Riggins was convicted in Arkansas state court on one count of first-degree murder and was sentenced as a habitual offender to a 50-year term of imprisonment. The Supreme Court of Arkansas affirmed the conviction in September 1994. See Riggins v. State, 882 S.W.2d 664 (Ark. 1994). In November 1994, Riggins filed a petition for postconviction relief pursuant to Ark. R. Crim. P. 37.1. Riggins claimed that his trial counsel was constitutionally ineffective in failing to convey the state's plea offer of a 15-year recommended sentence in exchange for his testimony implicating others involved in the crime. At an evidentiary hearing on the claim, the state stipulated that such an offer was made. Riggins testified, however, that his trial counsel never conveyed the offer to him, and that if the offer had been conveyed, he would have accepted it. Riggins' trial counsel testified during the evidentiary hearing that he could not recall whether the state made an offer.

At the conclusion of the hearing, the trial court commented that it did not believe Riggins' "stories" and that if an offer was made it was conveyed. In a subsequent written order denying Riggins' petition, the court ruled that there was no substantial evidence supporting the claim that Riggins' trial counsel failed to convey the state's plea offer. The Supreme Court of Arkansas affirmed the denial of Riggins' ineffective assistance of counsel claim. See Riggins v. State, 946 S.W.2d 691 (Ark. 1997). Recognizing that it had previously held that a failure to convey a plea offer may constitute ineffective assistance of counsel, the Supreme Court of Arkansas concluded that the trial court did not believe, nor was it obligated to believe, Riggins' testimony that his counsel failed to convey the offer, a predicate fact supporting his ineffectiveness claim. See id. at 692.

Riggins filed a petition for habeas corpus in June 1998, claiming that the state courts' rejections of his ineffectiveness claim were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2) (Supp. IV 1998). In its order dismissing the

2

petition, the district court concluded that Riggins was unable to show by clear and convincing evidence that his trial counsel did in fact fail to convey the plea offer to him. See id. at § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct," rebutted only by clear and convincing evidence.). Although Riggins argues his testimony was credible (and that there was no evidence presented during the state court evidentiary hearing contradicting his testimony), the state trial court was certainly entitled to disbelieve Riggins' self-serving testimony, as both the Supreme Court of Arkansas and the district court noted. See Loeblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000) ("[T]he trier of fact is entitled to make the ultimate decision of whether testimony is to be believed."); cf. Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993) ("[W]e have repeatedly held that self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded state convictions."), cert. denied, 510 U.S. 1180 (1994). The state trial court had the particular vantage to observe Riggins and assess his credibility. Having carefully reviewed the record, including the specific portions relied upon by Riggins, we agree with the district court that Riggins has not overcome the presumption that the state court made a correct assessment.

Accordingly, we agree that the state courts' denials of Riggins' ineffective assistance of counsel claim were not based on an unreasonable determination of the evidence presented at the Rule 37 hearing. We therefore affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

3