Paul E. Danielson, Justice, dissenting. The failure to communicate a plea-agreement offer to a defendant has been held to constitute ineffective assistance of counsel. \JSee Riggins v. State, 329 Ark. 171, 946 S.W.2d 691 (1997). This is because “counsel has the duty to advise his client of an offer of a negotiated plea.” Elmore v. State, 285 Ark. 42, 44, 684 S.W.2d 263, 264 (1985) (per curiam). Although no plea had yet been offered to Leach, the affidavits submitted by Leach present that the State did ask Leach’s trial counsel if he was interested in a plea offer, and Leach has asserted that his trial counsel failed to convey the State’s inquiry to him. We have held that a plea agreement is an agreement between the accused and the prosecutor, not an agreement between counsel and the prosecutor. See id. To that end, it seems only fair that trial counsel had a duty to pass along any inquiry to Leach, such that he could decide his interest in a plea bargain. If the failure to communicate a plea offer constitutes ineffective counsel, it certainly stands to reason that the failure to communicate the State’s inquiry as to Leach’s amenability to a plea offer could also equate to ineffective assistance.[1] At the very least, Leach has presented a question that I believe warrants a hearing to develop the facts further. Accordingly, I respectfully dissent. Hart, J., joins. . I am cognizant of our line of cases wherein we have regrettably used the language that "[t]he decision on whether to enter into plea negotiations is a matter of strategy beyond the purview of post-conviction relief.” See, e.g., Jones v. State, 308 Ark. 555, 559, 826 S.W.2d 233, 235 (1992). However, that language is derived from our decision in Lomax v. State, 285 Ark. 440, 688 S.W.2d 283 (1985) (per curiam), wherein we held that “urging an accused to accept a negotiated plea” is a matter of strategy and outside the purview of Rule 37. 285 Ark. at 441, 688 S.W.2d at 284-85. Those cases are simply inapposite to the facts presented in the instant case.