460 So.2d 113 (1984)
SOUTHSIDE, INC.
v.
William A. CLARK, d/b/a Bill Clark Insurance Agency, etc.
No. 54465.
Supreme Court of Mississippi.
November 14, 1984.
*114 Richard T. Phillips, Smith & Phillips, Batesville, for appellant.
Marc A. Biggers, Upshaw & Ladner, Greenwood, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This appeal presents us with a procedural oddity. The original declaration in this cause was filed August 7, 1981, prior to the adoption of the new rules of civil procedure January 1, 1982. The new rules are therefore inapplicable. Litten v. Grenada County, 437 So.2d 387 (Miss. 1983).
The declaration in this cause was filed by the appellant, Southside, Inc. The declaration's purpose was to allege that the appellee, Bill Clark, had failed to provide Southside with insurance on Southside's business, thereby resulting in a loss when the business burned.
Prior to any hearing and after filing an answer, Clark filed what was styled a "Motion to Dismiss" in which he raised a "Plea in Bar." By this "Plea in Bar" Clark attempted to raise the factual defense that at no time did he agree to provide additional coverage to Southside. The circuit court ruled that not only did the evidence in the case (the depositions of Southside's sole stockholder, William Stubblefield, and Clark) support the "Plea in Bar;" but also, that the declaration failed to state a claim upon which relief could be granted.
Because there was no such thing as summary judgment prior to the adoption of the new rules of civil procedure, we interpret the "Motion to Dismiss" as a demurrer. As such, it was clearly improper for the circuit court to consider anything other than the original declaration in determining whether that declaration stated a claim upon which relief could be granted. Consideration of Stubblefield's and Clark's depositions was improper as it turned Clark's motion into an impermissible speaking demurrer. Hodges v. Canal Insurance Co., 223 So.2d 630 (Miss. 1969).
When viewing Southside's declaration by itself, it is difficult to see how it fails to state a claim upon which relief can be granted. In paragraph 7 of the declaration, Southside states that Clark took an order for coverage and in reliance thereof Southside refrained from purchasing coverage elsewhere. In paragraph 8 the declaration further states that Clark failed to obtain the requested coverage and negligently failed to advise Southside of that failure. The declaration goes on to state that as a result of the failure to provide the insurance, and the negligent failure to advise Southside of the failure to provide insurance, Southside was damaged.
Not only does Southside's declaration state a cause of action which may sound in *115 tort based on the negligence of Clark, it also states a cause of action which may sound in contract. Section 90(1) of the Restatement of Contracts, 2nd reads as follows:
§ 90. Promise Reasonably Inducing Action or Forbearance
(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.
In the official comment to § 90, we find the following:
Gratuitous promises to procure insurance. This Section is to be applied with caution to promises to procure insurance. The appropriate remedy for breach of such a promise makes the promisor an insurer, and thus may result in a liability which is very large in relation to the value of the promised service. Often the promise is properly to be construed merely as a promise to use reasonable efforts to procure the insurance, and reliance by the promisee may be unjustified or may be justified only for a short time. Or it may be doubtful whether he did in fact rely. Such difficulties may be removed if the proof of the promise and the reliance are clear, or if the promise is made with some formality, or if part performance or a commercial setting or a potential benefit to the promisor provide a substitute for formality.
Certainly we do not now pass any judgment on the merit of Southside's claim. We are simply holding that the declaration filed in this cause succeeds in stating a claim upon which relief can be granted. As such, the circuit court erred in sustaining Clark's "Motion to Dismiss."
Therefore, based on all of the foregoing, we hereby reverse and remand this cause to the Circuit Court of Leflore County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.