Harold BULGERIN, Sr. and wife, Rita Bulgerin, Appellants,

v.

Cindy BULGERIN, Appellee.

No. 86–00219–CV.

Court of Appeals of Texas, San Antonio.

Feb. 11, 1987.

---

James S. Frost, Seguin, for appellants.

Margaret A. Cooper, Austin, for appellee.

Before BUTTS, DIAL and CHAPA, JJ.

BUTTS, Justice.

This appeal arose from a breach of contract suit. Appellants, Harold and Rita Bulgerin, sued their daughter-in-law, Cindy Bulgerin, the widow of their deceased son. They alleged she agreed by written contract to share proceeds of any recovery in the wrongful death action arising from her husband's death. Subsequently Cindy recovered certain sums of money from more than one defendant, and she refused to share the recovery with the parents. The breach of contract suit resulted.

Cindy answered and counterclaimed that appellants had intentionally inflicted emotional distress on her in obtaining her signature on the written contract by duress and undue influence. TEX.R.CIV.P. 97(g). The contract provided that any proceeds paid to the three "or any of them" would be divided with one-half going to the parents of the deceased.

At trial the jury found against the parents, and a take nothing judgment as to the breach of contract suit resulted. However, the jury found for Cindy, answering the counterclaim issue as follows:

> Do you find that [appellants] willfully, consciously or knowingly inflicted emotional distress on [Cindy] proximately causing her injury on the occasions made the basis of [her] counterclaim?
>
> ANSWER: *We do.*
>
> You are hereby instructed that the term "emotional distress" implies a relatively high degree of emotional pain and distress. It is more than mere disappointment, anger, resentment or embarrassment, although it may include all of these. It includes a mental sensation of pain resulting from such painful emotion as grief, severe disappointment, indignation, wounded pride, shame, despair and/or public humiliation.
>
> "Injury" as used in the foregoing question, means mental injury, emotional shock or trauma, or mental distress.

\* \* \* \* \* \*

The jury also answered the damages issue as follows:

> Find from a preponderance of the evidence what sum of money, if any, if paid now in cash, would fairly and reasonably compensate [Cindy] for her injuries, if any, resulting from the occurrences in question.
>
> You are to consider each element of damage separately, so as not to include damages for one element in any other element.
>
> Answer separately in dollars and cents, if any, with respect to each of the following elements:
>
> (a) Physical pain and mental anguish in the past.
>
>   ANSWER: $75,000.00
>
> (b) The reasonable expenses, if any, for necessary medical care ... in the past.
>
>   ANSWER: 100.00

Appellants assign one point of error: the trial court erred in overruling objection to the submission of the damages issue inquiring about damages for physical pain, because there was no pleading to support such submission.

■ While it is true that the counterclaim does not allege physical pain as a separate injury, the evidence reflected that the signs of emotional distress demonstrated by Cindy were physical in nature. They included nausea, loss of menstrual periods, bulimia, and insomnia. All the manifestations of physical pain were subjects of evidence presented at trial. Appellants did not object to the admission of this kind of evidence; the issue was therefore tried by consent.

We agree with appellants that Rule 277 of the Texas Rules of Civil Procedure requires that the cause shall be submitted upon special issues that are raised by the written pleadings and the evidence in the case. *See also*, Rule 279. This pleading requirement is based on the fair-notice provisions of Rules 45 and 47. *See, Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982). The office of pleadings is to define the issues at trial. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982) (Citations omitted).

■ Cross-plaintiff (Cindy) made no mention of physical pain in her pleadings. However, this lack of pleading was not objected to at trial as variance from the proof. For a variance to be fatal it must be substantial, misleading, and a prejudicial departure from the pleadings. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 187 (Tex.1977); *Schley v. Structural Metals, Inc.*, 595 S.W.2d 572, 586 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.). Also, there had been no special exception submitted earlier which would have given rise to amendment of the pleadings.

Unlike the defendant in *Murray v. O & A Express, Inc., supra,* appellants in the present case did object to the submission of the special issue to the jury as error for the lack of pleadings to support it. Thus, there was no waiver of the objection here that the pleadings were defective. It is noted that cross-plaintiff could have asked for and received permission for a trial amendment at the time of objection.

The jury answered affirmatively the ultimate issue of willful infliction of emotional distress which caused injury. It is noteworthy that the damages issue submitted physical pain and mental anguish together as *one element*. *Cf. Tex. Const. Service of Austin v. Allen*, 635 S.W.2d 810, 814 (Tex. App.—Corpus Christi 1982, writ ref'd n.r. e.). The character of the injury pled was such that certain physical conditions and pain could result therefrom. Since physical manifestations of mental anguish or distress were closely interrelated and, in fact, inseparable from mental anguish, they cannot be construed to constitute a new or different cause of action or a departure from the pleadings. Assuming however, without deciding that appellants are correct and the element of physical pain should not have been submitted with mental anguish, such submission was harmless. An improper submission of an issue constitutes reversible error only when harm is shown to have been suffered by the complaining party. *Boatland of Houston, Inc. v. Bailey*, 609 S.W.2d 743, 749–50 (Tex.1980).

Cross-plaintiff pled for damages in the sum of $100,000.00. Since physical pain and mental anguish were submitted only as one element of damages, and the physical pain arose from and was interwoven with the mental anguish as shown by evidence from Cindy and from two doctors, a psychologist and a gynecologist, the error, if any, in the submission of the issue in that form was harmless. We therefore hold that appellants have failed to demonstrate, and the record does not show, how the submission of the one damage issue combining physical pain and mental anguish, under the circumstances of this case, probably resulted in the rendition of an improper judgment. Rule 434.[1]

The point of error is overruled.

1. *See* now, TEX.R.APP.P. 81(b)(1).

Cross-plaintiff Cindy assigns error by cross-point: she is entitled to prejudgment interest which was denied by the trial court. *See, Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). Although she did not plead specifically for prejudgment interest, which is the better practice, cross-plaintiff did submit a judgment which included it. The trial court denied the request by deleting the provision from the judgment. Cross-plaintiff then presented a motion to modify the judgment by inclusion of prejudgment interest. The motion was denied. The right to recover prejudgment interest is waived if not asserted in the trial court. *Houston Lighting & Power Co. v. Reynolds*, 712 S.W.2d 761, 772 (Tex.App.—Houston [1st Dist.] 1986, no writ).

*Cavnar* overruled long-standing Texas law to permit recovery of prejudgment interest on unliquidated damages which have accrued in personal injury cases. Cross-plaintiff raised the right to prejudgment interest at the trial court level. Because *Cavnar* mandates compliance, we hold that the prejudgment interest damages shall be allowed. Accordingly, we reform the judgment to include prejudgment interest at the rate made applicable by *Cavnar* to this kind of case.

The judgment is affirmed as modified.