Sheila A. McCARTHY, Individually and as Administratrix of the Estate of Ronald McCarthy, Appellant,

v.

LOUISVILLE CARTAGE COMPANY, INC.; and, Deward Hack, Appellees.

No. 89–CA–1736–MR.

Court of Appeals of Kentucky.

June 1, 1990.

Peter F. Ervin, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, for appellant.

James Dean Liebman, Liebman & Liebman, Frankfort, for appellees.

Before DYCHE, HOWARD and WEST, JJ.

WEST, Judge.

Sheila McCarthy, wife and executrix of the deceased employee of the appellee, Louisville Cartage Company, Inc., appeals from the trial court's grant of directed verdict in her action to recover the value of a life insurance policy allegedly promised as part of her husband's employment compensation and then cancelled without notice. The trial court, in essence, ruled that since the life insurance policy premiums were paid solely by the employer and the employer was under no legal duty to provide such coverage, its cancellation did not give rise to a cause of action. The appellant contends that even though the life insurance plan was voluntary on the part of the employer, once undertaken and relied on by the employees, the employer was thereafter estopped to cancel the coverage

without notice to the employee. We agree and reverse.

The decedent, Ronald McCarthy, was employed by Louisville Cartage as a tractor-trailer truck driver. At the time of McCarthy's employment, Louisville Cartage agreed to pay wages and employee benefits including health and life insurance coverage. At that time, the coverage in effect was provided by General American Life Insurance Company. Employees could voluntarily participate by authorizing a fifteen dollar ($15.00) weekly deduction from their wages which Mr. McCarthy elected to do.

In December of 1985, Louisville Cartage terminated its insurance coverage with General American. Although the testimony was contradictory, appellant presented evidence that the employer purchased new life insurance coverage from Mutual Benefit Life Insurance Company. This policy provided employees with twenty thousand dollars ($20,000.00) in death benefits plus an additional twenty thousand dollars ($20,000.00) in the event of accidental death. Sheila McCarthy stated that her husband received a Mutual Benefit certificate or policy and brought it home with him; however, she was now unable to locate the papers. Another former employee produced a policy that he received from Mutual Benefit issued through Louisville Cartage. The testimony of the coemployee as well as Mrs. McCarthy's testimony clearly established reliance upon the existence of this insurance.

The evidence also established that in April of 1986, Louisville Cartage received notices of premiums due for the replacement life insurance coverage. This notice further informed the employer that the coverage was about to lapse and advised Louisville Cartage to instruct their employees of the lapse of coverage if the premium was not paid. Coverage did indeed lapse and appellant presented evidence that the employees were not informed of the cancel-

lation until well after Ronald McCarthy's death.

At the close of the plaintiff's case, the employer moved for a directed verdict arguing that the coverage was part of a noncontributory group plan and that Louisville Cartage had no "legal duty" to give notice of lapse of coverage to its employees.[1] The court below apparently agreed that there was no legal duty and therefore that appellant could not establish an action based upon promissory estoppel. We disagree and reverse the cause for a new trial.

In *Meade Const. Co. v. Mansfield Commercial Elec.*, Ky., 579 S.W.2d 105, 106 (1979), our Supreme Court referred to the doctrine of promissory estoppel as set forth in the *Restatement (Second) of Contracts* § 90 (1965), noting that:

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

The Court went on to state that it did not decide "whether the doctrine of promissory estoppel applies in this state," but held that a claim was stated and that the appellant was entitled to damages under "any conception of fairness and equity." *Id.* at 106.

In a subsequent opinion, the Court referred to *Meade, supra,* noting that:

[D]espite their disclaimer of promissory estoppel, this court, in *Meade,* utilized the word "reliance," an element of estoppel, to reach its conclusion. *Finney Co., Inc. v. Monarch Const. Co., Inc.,* Ky., 670 S.W.2d 857 (1984).

After having reviewed the case law on this issue, we are of the opinion that the doctrine of promissory estoppel, if it can be established, is "alive and well" in this Commonwealth. *See, Lake Bluff Orphanage v. Magill's Ex'rs.,* 305 Ky. 391, 204 S.W.2d 224 (1947); *Floyd v. Christian Church Widows and Orphans Home,* 296 Ky. 196,

1. There was contradictory evidence as to whether the fifteen dollar ($15.00) weekly deduction was applied toward the health insurance only or whether it was also to be applied toward pay-

ment of the life insurance premium. For our purposes, we will assume the life insurance coverage was noncontributory.

**12**

176 S.W.2d 125 (1943); *Gray v. Jackson Purchase Prod. Credit*, Ky.App., 691 S.W.2d 904 (1985). Furthermore, we believe appellant herein did present sufficient evidence of the elements of estoppel to allow the case to go to a jury.

■ Contrary to appellees' assertions, the theory upon which appellant seeks recovery is not founded upon a legal duty and a breach thereof; but rather, it is based upon a mere promise and reliance on that promise. Appellant stated a cause of action herein which sounds in contract but is founded in equity. *See, Restatement of the Law*, Second, Contracts 2d, § 90, comment *a* (1981). The whole theory of a promissory estoppel action is that detrimental reliance becomes a substitute for consideration under the facts of a given case. Calamari and Perillo, *The Law of Contracts*, Hornbook Series § 105 (1970). Numerous oral and gratuitous promises have been enforced on this basis. *Id.* at Chapter 6, § 99–105. Promises by employers to provide certain fringe benefits are generally found to be supported by consideration but will, at least, give rise to the elements of a promissory estoppel. *Weesner v. Elec. Power Bd. of Chattanooga*, 48 Tenn.App. 178, 344 S.W.2d 766 (1961); *The Law of Contracts, supra*, at § 109. The employer can reasonably foresee that continuation in employment has been induced and injustice can be avoided only by giving effect to the promise.

Equitable estoppel is adopted on the opposite ground of legal estoppel, to promote equity and justice of the individual case by preventing a party from asserting a right or defense under a technical rule of law. 31 C.J.S. § 62, *Estoppel* at 390 (1964).

■ Whether or not Louisville Cartage had a legal duty to advise its employees that the life insurance coverage had been terminated is not the question. We do note that different jurisdictions have reached different results on that issue. 36 ALR3d 541 (1971); 22 ALR 4th 321 (1983); 68 ALR2d 249 (Later Case Service, 1984); *Metropolitan Life Ins. Co. v. Korneghy*, 37 Ala.App. 497, 71 So.2d 292 (1954); *Larson v. Wycoff Company*, Utah, 624 P.2d

1151 (1981); *Freeman v. Bonnes Trucking, Inc.*, Iowa, 337 N.W.2d 871 (1983). However, the issue before this Court is whether the appellant set forth a prima facie case of estoppel sufficient to preclude the directed verdict rendered below.

In *Gray v. Jackson Purchase Prod. Credit*, Ky.App., 691 S.W.2d 904, 906 (1985), this Court set forth the elements of an estoppel as follows:

1. Conduct, including acts, language and silence, amounting to a representation or concealment of material facts;
2. The estopped party is aware of these facts;
3. These facts are unknown to the other party;
4. The estopped party must act with the intention or expectation his conduct will be acted upon; and
5. The other party in fact relied on this conduct to his detriment.

Examining each of these elements in conjunction with the evidence presented and viewing that evidence in a light most favorable to the appellant, we believe a prima facie case has been established. *NCAA v. Hornung*, Ky., 754 S.W.2d 855 (1988).

Appellant presented evidence that Ron McCarthy was promised and was given a life insurance policy as part of his employment benefits. There was evidence that this promised coverage was terminated and evidence that the employer knew of the termination but did not reveal that fact to Mr. McCarthy. We believe it could be reasonably expected that the McCarthys would rely on the supposed existence of the coverage and there was proof to that effect before the jury. That reliance by its employees should have been foreseen by Louisville Cartage and presents, in our view, a jury question as to whether enforcement of the promised coverage is the only means of avoiding injustice. *See, Southside, Inc. v. Clark*, Miss., 460 So.2d 113 (1984).

This is not to say that every promise to procure insurance will give rise to such a cause of action. Often the promise can only be construed as a promise to use rea-

sonable efforts to procure the insurance and reliance by the promisee would be unjustified even if it could be proven. [*See, e.g., Restatement (Second) on Contracts*, § 90, comment *e* and cases cited therein.]

In *Lynch v. Dawson Collieries, Inc.*, Ky., 485 S.W.2d 494 (1972), the former Court of Appeals upheld a judgment denying recovery based upon a similar estoppel argument. However, in that case, there was no evidence of a promise nor any evidence of reliance that could be expected or even justified under the facts. *Id.* at 496.

In the case at bar, we do not pass judgment on the merit of the appellant's claim. We simply hold that there was sufficient evidence presented for a jury determination of the issues herein and that appellees' motion for a directed verdict should have been overruled. *Grant v. Wrona*, Ky. App., 662 S.W.2d 227 (1983).

The judgment is therefore reversed and the cause remanded for a new trial.

HOWARD, J., concurs.

DYCHE, J., concurs in result only.