Stacy JOHNINSON *v*. STATE of Arkansas

CR 97-660                                   953 S.W.2d 883

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*William M. Brown,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger* and *C. Joseph Cordi, Jr.,* Asst. Att'ys Gen., for appellee.

DAVID NEWBERN, Justice. Stacy Johninson pleaded guilty before Judge David Bogard to a number of felonies. The issues in this case are whether a motion to withdraw the guilty pleas was untimely and, if not, whether the motion was properly denied. We hold the motion was not untimely but that it was lacking in merit. We affirm as no error occurred in the denial of the motion to withdraw the pleas.

On September 16, 1996, Judge Bogard sentenced Mr. Johninson to imprisonment for forty years for aggravated robbery, ten years for theft by receiving, five years for being a felon in possession of a firearm, and five years due to revocation of probation of a previous sentence. Those sentences were pronounced in open court to be served consecutively for a total of sixty years' imprisonment. An additional five-year sentence for being a felon in possession of a firearm was pronounced to be served concurrently with the other sentences.

After pronouncing the sentence, Judge Bogard recused and transferred the case to a separate division of the Pulaski Circuit Court presided over by Judge Chris Piazza. On November 22, 1996, Mr. Johninson moved to withdraw his guilty pleas on the ground that his counsel had told him he would receive only a combined ten-year sentence for all of the offenses. The only request made of Judge Piazza was that Mr. Johninson be allowed to withdraw the pleas due to the ineffectiveness of his counsel. Mr. Johninson contended that, although he was guilty of the offenses, other than aggravated robbery, to which he had pleaded guilty, he would not have entered the pleas but for his counsel's promise of a ten-year sentence.

On December 5, 1996, Judge Piazza held a hearing on the motion. Testimony was taken from Mr. Johninson, his mother, and his sister, all of whom said the promise of ten years had been made by Mr. Johninson's lawyer. After reviewing the record of the proceedings before Judge Bogard and the thorough inquiry

made of Mr. Johninson by Judge Bogard with respect to whether he had been promised anything in return for his plea and whether he was pleading guilty because he was indeed guilty and knew the maximum sentences he might receive, Judge Piazza announced that he would follow the sentences imposed by Judge Bogard. The judgment and commitment order document, signed by Judge Piazza, was filed of record February 4, 1997.

### 1. Timeliness

The State argues that we must dismiss the appeal because the Trial Court lacked jurisdiction to permit withdrawal of the guilty pleas at the time the attempt to withdraw them occurred and, therefore, this Court lacks jurisdiction of the appeal. Two subsections of Ark. R. Crim. P. 26.1 are significant in this instance.

> (a) Prior to pronouncement of sentence, the court shall allow a defendant to withdraw his plea of guilty or nolo contendere upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice.

> (b) A motion to withdraw a plea of guilty or nolo contendere to correct a manifest injustice is timely if, upon consideration of the nature of the allegations of the motion, the court determines that it is made with due diligence. Such motion is not barred because it is made after the entry of judgment upon the plea. If the defendant is allowed to withdraw his plea after judgment has been entered, the court shall set aside the judgment and the plea.

\* \* \*

■ If a sentence has been entered and placed in execution prior to the filing of a motion to withdraw the guilty plea upon which it was based, the motion must be treated as having been made pursuant to Ark. R. Crim. P. 37, and the provisions of that rule govern timeliness of the motion. *Shipman v. State*, 261 Ark. 559, 550 S.W.2d 454 (1977). *See also Travis v. State*, 286 Ark. 26, 688 S.W.2d 935 (1985); *Rawls v. State*, 264 Ark. 954, 581 S.W.2d 311 (1979).

■ Rule 26.1(b) provides for withdrawal of a guilty plea after entry of judgment upon the plea, but it is not limited to that situation. The previous sentence says the motion is timely if there has been "due diligence," and allowance is made for consideration of "the nature of the allegations of the motion." The question thus becomes whether a motion to withdraw a guilty plea that was not made prior to pronouncement of sentence or after entry of the judgment may be timely. If withdrawal motions, other than those made prior to pronouncement of sentence, are to be considered under Rule 37 and its provisions on timeliness, the answer is found in Rule 37.2(c) which provides:

> (c) If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. *If the judgment was not entered of record within ten (10) days of the date sentence was pronounced, a petition under this rule must be filed within ninety (90) days of the date sentence was pronounced.*

*  *  *

(Emphasis supplied.)

In this case, the judgment and conviction order document was not entered until February 4, 1997, and the motion to withdraw the guilty plea was made within ninety days of the pronouncement of sentence.

We are, of course, aware that subsections (a) and (b) of Rule 26.1 may be read as inconsistent with each other. The opinion in the *Shipman* case seemed to be an attempt to reconcile them. We are also aware of the history of the rule subsequent to the *Shipman* decision.

■ In *Malone v. State,* 294 Ark. 376, 724 S.W.2d 945 (1988), we noted that there was nothing in the record to show that the parties seeking to withdraw guilty pleas had moved to do so prior to "sentencing" as required by Rule 26.1. We acknowledged, however, that Rule 37 could have applied but did not because that remedy is confined to use by a prisoner who is in custody under sentence of a circuit court, and the parties at issue

were out on bond. Rule 37.2(c) and the provision with respect to the period from ten days after pronouncement of sentence and the entry of the judgment and commitment order document were not at issue and not discussed. While relief pursuant to Rule 37.1 is limited to prisoners incarcerated under sentence, that obviously is not contemplated by Rule 37.2 which, by its terms, applies prior to entry of the judgment.

In *Brown v. State*, 290 Ark. 289, 718 S.W.2d 937 (1986), we again acknowledged that a motion to withdraw a guilty plea could be treated pursuant to Rule 37 if there is a ruling on the merits of the motion. In the case now before us, there was such a ruling.

In *Scalco v. City of Russellville*, 318 Ark. 65, 883 S.W.2d 813 (1994), we discussed the history of Rule 26. We recited subsection (a) and emphasized the words "prior to pronouncement of sentence." We wrote, "once the guilty plea has been accepted, and the sentencing [apparently referring to pronouncement] has taken place, the trial court is without jurisdiction to set aside a plea of guilty, unless there was some kind of stay of the sentence." 318 Ark. at 70, 883 S.W.2d at 815. In the *Scalco* case, the sentence had been, in effect, "stayed" during an appeal of a suppression-of-evidence issue pursuant to Ark. R. Crim. P. 24.3 but had ultimately been affirmed by the Court of Appeals. We held that, as the sentence was not under any sort of a stay at the time the motion to withdraw the guilty plea was made, the Trial Court lacked jurisdiction to permit its withdrawal.

In *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997), a motion to withdraw a guilty plea was treated as a Rule 37 petition in the Trial Court. The contention was that Mr. McCuen's counsel had been ineffective in seeking withdrawal of his guilty plea. We ruled on the merits of the argument and held there was no right to counsel in a postconviction proceeding. In that case, the motion had been made after entry of the judgment and commitment order document.

In *Standridge v. State*, 290 Ark. 150, 717 S.W.2d 795 (1986), the issue was whether a defendant, the imposition of whose sentence had been delayed for five years and who had been

placed on probation for one year, could have probation revoked for an act which occurred prior to entry of the judgment. We held that the sentence was effective from the time of its pronouncement in open court. In *Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), however, we held that "A sentence is placed into execution when the court issues a commitment order unless the trial court grants appellate bond or specifically delays execution upon other valid grounds." 293 Ark. at 413, 738 S.W.2d at 411. The State would have us overrule that language in favor of the rationale of the *Standridge* case.

■ We agree with the State that the *Standridge* opinion cited persuasive authority for its result and the *Redding* case opinion was lacking in cited authority. We decline, however, to follow the *Standridge* opinion here. The *Standridge* holding that a judgment of conviction and a sentence are "entered" and "placed in execution" upon pronouncement in open court is inconsistent with our Admistrative Order No. 3, which describes entry of judgment, and our rule for civil cases which clearly provides for the effectiveness of judgments upon their entry or filing. Ark. R. Civ. P. 58; *Standridge v. Standridge*, 298 Ark. 494, 796 S.W.2d 12 (1989). In addition, it conflicts with Rule 37.2(c) quoted above. The latter rule obviously contemplates a period of time which, for a variety of reasons, may occur between the pronouncement of sentence and entry of a judgment and commitment order. To the extent it conflicts with this opinion, *Standridge v. State, supra,* is overruled.

■ In the case now before us, the "sentencing" took place on September 16, 1996, but the judgment and commitment order document was not entered until February 4, 1997. The motion to withdraw the guilty pleas was made between those dates. As Rule 26.1(a) is obviously not applicable because the motion was not made prior to pronouncement of the sentence, we are relegated to subsection (b) and Rule 37. Again, Rule 37.2(c) settles the timeliness issue, and it permitted the Trial Court to consider the issue of ineffective assistance of counsel on its merits because the judgment was not entered within ten days of the pronouncement of the sentence.

## 2. Ineffective assistance of counsel

██ ██ "We will not reverse a trial court's denial of postconviction relief unless the ruling was clearly erroneous." *Rowe v. State*, 318 Ark. 25, 26-27, 883 S.W.2d ·804, 805, *citing Thompson v. State*, 307 Ark. 492, 821 S.W.2d· 37 (1991). Mr. Johninson claims he is entitled to withdraw his guilty plea on account of ineffective assistance of counsel.

> In *Hill v. Lockhart*, 474 U.S. 52 (1985), [it was held that] the two-part standard adopted in *Strickland v. Washington*, 466 U.S. 668 (1984), for evaluating claims of ineffective assistance of counsel — requiring that the defendant show that counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different — applies to guilty plea challenges based on ineffective assistance of counsel. *In order to satisfy the second requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial.* It is the defendant's burden to prove ineffective assistance of counsel, and it is a heavy burden because counsel is presumed effective. *Hicks v. State*, 289 Ark. 83, 709 S.W.2d 87 (1986).

*Duncan v. State*, 304 Ark. 311, 316, 802 S.W.2d 917, 919-20 (1991)(emphasis added). *See Cranford v. State*, 303 Ark. 393, 797 S.W.2d 442 (1990). *See also Thompson v. State*, 307 Ark. 492, 494, 821 S.W.2d 37, 38 (1991). ("We have recognized that a defendant whose conviction is based on a plea of guilty will have difficulty in proving prejudice under the *Strickland* standard since his plea rests on his admission in court that he did the act with which he is charged."), *citing Huff v. State*, 289 Ark. 404, 711 S.W.2d 801 (1986); *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

██ In *Stobaugh v. State*, 298 Ark. 577, 769 S.W.2d 26 (1989), the defendant sought to withdraw his plea on the basis of his claim that his attorney provided ineffective assistance. The attorney's assistance was alleged to be ineffective on several grounds, one of which was that the attorney had misled the defendant by giving him the impression that he would receive a suspended or probated sentence if he pleaded guilty. The defend-

ant received a sentence of four years and a fine of $10,000. We rejected the argument as follows:

> A defendant who receives a greater sentence than expected is not entitled to have his plea withdrawn solely on that basis. In the absence of a plea agreement or other extenuating circumstances, the fact that a defendant hoped for, or even expected, a lighter sentence is not grounds for withdrawing the plea after an unfavorable sentence is pronounced.

*Id.* at 580, 769 S.W.2d at 28.

▉ Despite the clear record showing that Mr. Johninson was advised of the sentences he might receive for the offenses to which he pleaded guilty and his statements that he understood that advice, he maintains that his attorney's advice was "invalid" because he ultimately received a sentence in excess of ten years. "The judge is not required to believe any witness's testimony." *McDaniel v. State*, 291 Ark. 596, 599, 726 S.W.2d 679, 681 (1987).

The Trial Court could also have reasonably disbelieved the testimony of Mr. Johninson's mother and sister. The prosecutor succeeded in showing some problems with their credibility. Even counsel for Mr. Johninson stated that the mother's testimony concerning the attorney's alleged promise of a ten-year sentence had changed since the meeting counsel had with her prior to the hearing before Judge Piazza.

▉ Given our deference to the Trial Court's position with respect to evaluation of the testimony of witnesses, we cannot conclude that its decision that Mr. Johninson's counsel was not ineffective was clearly erroneous or clearly against the preponderance of the evidence.

Affirmed.