Reno SWOPES/Muhammad *v.* STATE of Arkansas

CR 97-1507                                992 S.W.2d 109

Supreme Court of Arkansas
Opinion delivered June 17, 1999

*Alvin Schay,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly K. Hill,* Ass't Att'y Gen., for appellee.

P ER CURIAM. In 1990, the appellant, Reno Swopes, pleaded guilty to second-degree battery, kidnapping, and aggravated robbery. The trial court sentenced him to an aggregate term of sixty-five years in the Arkansas Department of Correction. In 1993, Swopes filed a petition for postconviction relief pursuant to Arkansas Criminal Procedure Rule 37. The Circuit Court denied relief, and Swopes attempted to appeal that order in this court. The appeal was not accepted by the Clerk, however, because the record was never lodged.

In 1996, Swopes filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Arkansas. In the petition, he alleged that his constitutional rights were violated when the trial court pronounced sentence without the presence of Swopes or his attorney. The District Court agreed that there had been a constitutional violation, and it issued an order that provided that a writ of habeas corpus would issue unless Swopes was resentenced within 120 days.

Pursuant to the order of the federal court, the trial court held a hearing in which it resentenced Swopes to the same term in the Arkansas Department of Correction. A new judgment and commitment order was filed on March 7, 1997. A week later, on March 14, 1997, Swopes filed a motion to withdraw his guilty plea pursuant to Arkansas Criminal Procedure Rule 26.1. The Circuit Court, finding that the claims raised in the motion to withdraw the guilty plea could have been raised in Swopes's previous petition under Rule 37, denied relief. Swopes now appeals that order. We affirm.

On appeal, Swopes argues that the Circuit Court erred in denying his motion to withdraw his guilty plea. His argument appears to be twofold. First, he contends that the motion to withdraw his guilty plea is timely because the federal court's order, which reopened the matter of sentencing, "opened the door" to the filing of the motion because, under Rule 26.1, a motion to withdraw a guilty plea is timely if it is filed before sentencing. Second, he contends that his previous Rule 37 petition should not bar the claims he raises in the motion to withdraw the guilty plea because at the time he filed the Rule 37 petition, he was unable to fully develop the claims therein because the trial court denied his motion to proceed as an indigent, and therefore, denied him access to a transcript of his plea hearing.

Even if we were inclined to hold that the federal court's resentencing order opened the door to the filing of a motion to withdraw the guilty plea pursuant to Rule 26.1, we could not do so in this case because the record reveals that the resentencing hearing was held on March 4, 1997, and that another pronouncement of the sentence occurred on that date. The judgment reflecting the resentencing was entered on March 13, 1997. Swopes did not file his motion to withdraw his guilty plea until March 14, 1997. At the time that Swopes pleaded guilty, a motion under Rule 26.1 was considered timely only if it was filed before sentencing. A motion under Rule 37 was necessary after the sentence had been carried into execution. *Shipman v. State,* 261 Ark. 559, 550 S.W.2d 424 (1977). A sentence is placed into execution when the court issues a commitment order unless the trial court grants appellate bond or specifically delays execution upon other valid grounds. *Redding v. State,* 293 Ark. 411, 738 S.W.2d 410 (1987); *see also Johninson v. State,* 330 Ark. 381, 953 S.W.2d 883 (1997). Therefore, the federal court order is of little help to Swopes because his motion under Rule 26.1 still follows the issuance of the judgment and commitment order, and therefore, is more properly considered a motion for postconviction relief under Rule 37.

The question now becomes whether Swopes's request for postconviction relief is barred by his previous attempt to proceed under Rule 37. Rule 37.2(b) clearly provides that "all

grounds for relief available to a petitioner under this rule must be raised in his or her original petition unless the petition was denied without prejudice." Accordingly, Swopes cannot now have a second chance to challenge his conviction. Moreover, we are unconvinced by Swopes's argument that his inability to obtain a transcript of his plea hearing should allow another chance to raise claims for postconviction relief, for the record clearly indicates that Swopes did not file a motion for a transcript of the plea hearing until well after his Rule 37 petition had been denied.

Affirmed.