Tyshawn MIMS a/k/a Laeries Hayes  *v.*
STATE of Arkansas

CR 04-973                                                    199 S.W.3d 681

Supreme Court of Arkansas
Opinion delivered December 9, 2004

*Appellant,* pro se.

*Mike Beebe,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

PER CURIAM. The State of Arkansas has filed a motion to dismiss the appeal of Appellant Tyshawn Mims, a/k/a Laeries Hayes. The motion reflects that Appellant pled guilty to aggravated robbery in the Crittenden County Circuit Court on November 10, 2003, and a judgment and commitment order was entered the same date. On February 17, 2004, Appellant filed a petition under Ark. R. Crim. P. 37 in the trial court. On August 2, the trial court entered an order dismissing the petition as untimely under Ark. R. Crim. P. 37.2(c). Appellant timely filed a notice of appeal.

The State now seeks dismissal of the appeal on the ground that the Rule 37 petition filed by Appellant in the trial court was outside the time limits of Rule 37.2(c), which provides that such a postconviction petition must be filed within ninety days of the judgment. Appellant's petition was filed ninety-nine days after the judgment. The State is correct in asserting that the time limitations

imposed in Rule 37 are jurisdictional in nature, such that the circuit court cannot grant relief on an untimely petition. *See Booth v. State*, 353 Ark. 119, 110 S.W.3d 759 (2003) (*per curiam*); *Shoemate v. State*, 339 Ark. 403, 5 S.W.3d 446 (1999) (*per curiam*). Because Appellant's Rule 37 petition was untimely, the State asserts that the circuit court was correct to dismiss the petition and that this court should, in turn, dismiss the appeal.

In his *pro se* response, Appellant states that he filed a timely motion to withdraw his plea, and that he "never received a response back from the court." Attached to his response is a file-marked copy of the motion to withdraw plea, dated December 3, 2003. In that motion, Appellant asserted that he pled guilty "unknowledgeably" and that he had received incompetent and ill-advised counseling from his attorney.

Arkansas Rule of Criminal Procedure 26.1(a) provides in pertinent part: "A plea of guilty or nolo contendere may not be withdrawn under this rule after entry of judgment." This court has previously held that a motion to withdraw a plea filed after entry of judgment will be treated as a postconviction motion under Rule 37, where the defendant is in custody. In *Johninson v. State*, 330 Ark. 381, 953 S.W.2d 883 (1997), this court explained:

> If a sentence has been entered and placed in execution prior to the filing of a motion to withdraw the guilty plea upon which it was based, the motion must be treated as having been made pursuant to Ark. R. Crim. P. 37, and the provisions of that rule govern timeliness of the motion.

*Id.* at 385, 953 S.W.2d at 884 (citing *Shipman v. State*, 261 Ark. 559, 550 S.W.2d 454 (1977)). *See also McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997) (holding that after sentencing, a motion to withdraw guilty plea may be treated as one for postconviction relief under Rule 37, regardless of its title).

Based on the foregoing, we grant the State's motion to dismiss the instant appeal, as Appellant's petition was not filed within the jurisdictional time limitations of Rule 37.2(c). As for Appellant's claim that he timely filed a motion to withdraw his guilty plea, which would be treated as a Rule 37 petition if filed after entry of judgment, we cannot resolve that issue at this time, as the record on appeal does not contain the motion or any ruling on it. Accordingly, that matter is not now properly before us.

Motion to dismiss granted.