Roderick Leshun RANKIN *v.*
STATE of Arkansas

CR 96-1025                                      288 S.W.3d 587

Supreme Court of Arkansas
Dissenting opinion delivered October 9, 2008

JIM GUNTER, Justice, dissenting. Petitioner was found guilty of three counts of capital murder on February 9, 1996, and received a sentence of death. On July 14, 1997, this court denied most of petitioner's claims on direct appeal but remanded the case to the trial court to determine whether his confession was given after a knowing and intelligent waiver of rights. *See Rankin v. State,* 329 Ark. 379, 948 S.W.2d 397 (1997). The trial court subsequently denied petitioner's motion to suppress his confession, and this court upheld that ruling. *See Rankin v. State,* 338 Ark. 723, 1 S.W.3d 14 (1999). On February 15, 2000, petitioner filed a petition for relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure; amended petitions were also filed in 2003 and 2004. The trial court held a Rule 37 hearing and denied postconviction relief on July 13, 2004, and this court affirmed that ruling on February 9, 2006. In September 2006, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas. Petitioner has now filed in this court an application for permission to have counsel appointed on behalf of petitioner, asking that four attorneys, one Arkansas attorney and three attorneys from the Federal Community Defender Office in the Eastern District of Pennsylvania, be allowed to represent him in another Rule 37 petition recently filed in the Jefferson County Circuit Court.

I first note that while petitioner claims to be pursuing a second Rule 37 petition in the circuit court, we have no record of a motion before this court, pursuant to Arkansas Supreme Court Rule 5-3(d), asking us to recall our mandate in this case and reopen petitioner's postconviction proceedings. This court has stated that we will recall a mandate and reopen a case only under "extraor-

dinary circumstances,"[1] which are not addressed or even alleged by petitioner in the instant case. Absent these extraordinary circumstances, this court has consistently upheld the rule that a petitioner is limited to one petition for postconviction relief unless the first petition was specifically denied without prejudice to allow the filing of a second petition. *See Swopes v. State*, 338 Ark. 217, 992 S.W.2d 109 (1999) (holding defendant's request for postconviction relief was barred by his previous attempt to proceed under Rule 37); *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997) (affirming the trial court's refusal to address issues raised in a second petition for relief because a second postconviction petition was precluded by Rule 37.2). I would therefore decline to appoint any attorney to pursue a second Rule 37 petition when extraordinary circumstances warranting such action have not been demonstrated.

Second, I address petitioner's attempt to have three attorneys from the Federal Community Defender Office, appointed by the U.S. District Court for the Eastern District of Arkansas to represent petitioner in connection with his federal habeas corpus proceedings, also appointed to represent him in proceedings before our state courts. In *Hill v. State*, 363 Ark. 480, 215 S.W.3d 589 (2005), this court addressed the question of whether a federal public defender had the authority to represent defendants in capital cases in state courts. In reaching a decision, this court relied on the analysis in *In re Lindsey*, 875 F.2d 1502 (11th Cir. 1989), in which the court examined 21 U.S.C. § 848(q)(8), which requires an appointed attorney to represent the defendant "throughout every subsequent stage of available judicial proceedings," and 18 U.S.C. § 3006A(c), which provides that a person shall be represented "at every stage of the proceedings . . . including ancillary matters appropriate to the proceedings." The *Lindsey* court declined to read either statutory provision so broadly as to encompass state postconviction relief. The Eighth Circuit later adopted this reasoning as well. *See Hill v. Lockhart*, 992 F.2d 801 (8th Cir. 1993). This court found the above analysis persuasive and concluded that "the reference to ancillary matters in § 3006A(c) is to federal

---

[1] In deciding whether to recall a mandate, this court will examine three factors: (1) the presence of a defect in the appellate process; (2) a dismissal of proceedings in federal court because of unexhausted state court claims; (3) the appeal is a death case that requires heightened scrutiny. *Lee v. State*, 367 Ark. 84, 238 S.W.3d 52 (2006) (citing *Robbins v. State*, 353 Ark. 556, 114 S.W.3d 217 (2003)).

proceedings" and "the federal court appointment of the FPD [Federal Public Defender] for indigent capital defendants in federal *habeas corpus* matters does not carry over to state proceedings." 363 Ark. at 486, 215 S.W.3d at 593. I would therefore hold that, assuming a second Rule 37 petition were allowed in the instant case, the federal attorneys appointed to represent petitioner in his federal habeas corpus action would not be the proper parties to represent him.

I am aware that the *Hill v. State* opinion also states that "should qualified FPD attorneys wish appointment to represent capital defendants, who are agreeable to that appointment, in matters involving exhaustion of state remedies, we foresee no encumbrance to such appointments." 363 Ark. at 487, 215 S.W.3d at 594. Justice Glaze, concurring in part and dissenting in part from the majority opinion, expressed his confusion at the above sentiment and noted that nowhere in Rule 37.5 does it permit federal district courts to appoint federal public defenders to represent capital defendants in this state's courts or proceedings. However, even if the above language were read to allow the possibility of this court, not the district court, appointing federal public defenders to represent capital defendants in state proceedings, I would again turn to the analysis in *Lindsey*:

> Acceptance of Lindsey's view of a state prisoner's rights under subsection 848(q) would have the practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases. Adherence to petitioner's view would encourage state prisoners to ignore, as Lindsey has here, the proper sequence, developed from concerns for federalism, for seeking collateral relief from state-court judgments in death-penalty cases. Like Lindsey, other state inmates, for no reason other than to gain the assistance of federally appointed counsel and experts throughout all stages of collateral review (both state and federal), would ignore the exhaustion requirement and, before seeking state remedies, futilely file for federal habeas relief. Only after procuring a federally appointed lawyer would state inmates have an incentive to set upon the right track in pursuit of state remedies.

*Lindsey*, 875 F.2d at 1506-07.

In addition, our decision allowing three Philadelphia lawyers to appear in circuit court amounts to micro-management, imposing on the circuit court the three pro hac vice attorneys in

addition to the well-qualified Arkansas attorney. By our action here we have re-written Rule 37.5. which authorizes the *circuit court* to "appoint pro hac vice *an* attorney who is not licensed to practice in Arkansas." Ark. R. Crim. P. 37.5(c)(2) (2008) (emphasis added).

Finally, the petition before us points out that a Rule 37 petition has been filed in circuit court. We previously affirmed one direct appeal and also affirmed the denial of postconviction relief. While the stated reason that petitioner is seeking a second Rule 37 hearing is that "none of [his] Rule 37 pleadings were ever verified" by petitioner, Justice Imber's opinion points to his "notarized signature" in his previous pro se petition. *See Rankin v. State*, 365 Ark. 255, 257, 227 S.W.3d 924, 926 (2006). And again, I note that petitioner has made no argument that this presents "extraordinary circumstances" such that this court should recall its mandate and reopen his case. In view of the circumstances, it seems unreasonable for our court to allow a second postconviction petition in the face of our precedent and for this court to appoint three pro hac vice attorneys. I would therefore deny the motion.