Cite as 2019 Ark. App. 486

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-18-1056

| | | |
|---|---|---|
| | | **Opinion Delivered:** October 23, 2019 |
| MELISSA STEARNS | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-14-722] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | DISMISSED |

## MIKE MURPHY, Judge

On March 21, 2016, appellant Melissa Stearns was convicted in the Pulaski County Circuit Court of first-degree murder for the stabbing death of Herschel Johnson. She was sentenced to a term of thirty-five years in the Arkansas Department of Correction. We affirmed her conviction and sentence in *Stearns v. State*, 2017 Ark. App. 472, 529 S.W.3d 654, and this court's mandate issued on October 11, 2017. She now appeals from the dismissal of her Rule 37 petition; likewise, we dismiss.

On November 28, 2017, Stearns filed in the circuit court her original petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On June 26, 2018, the circuit court entered an order dismissing the petition without prejudice because it did not contain an affidavit by Stearns verifying the petition as required by Rule 37.1(c).

On August 14, 2018, Stearns filed a second petition in compliance with the verification requirement. That petition, along with its accompanying exhibits, totaled eighty-six pages in length. On August 31, the circuit court entered an order dismissing the petition for failure to comply with the page-limitation requirement imposed in Rule 37.1(b).

Stearns now appeals from the circuit court's order dismissing her August 14, Rule 37 petition. On appeal, she argues that the circuit court erred by (1) dismissing the petition because she failed to comply with the page limitations imposed in Rule 37.1(b) and (2) denying her claim that trial counsel was ineffective for failing to call witnesses without conducting a hearing.

Rule 37.1(d) states that a party seeking to attack a sentence must file a verified petition in the court that imposed the sentence. This court has recognized that the verification requirement of Rule 37.1 is one of substantive importance to prevent perjury. *Carey v. State*, 268 Ark. 332, 333, 596 S.W.2d 688, 689 (1980). Petitions that are not in compliance will not be filed without leave of the court. Ark. R. Crim. P. 37.1(e). Rule 37.2(c) states that if a party appeals the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty days of the date the mandate was issued by the appellate court. *Porter v. State*, 339 Ark. 15, 18, 2 S.W.3d 73, 75 (1999). Our supreme court has held that the filing deadlines imposed by this section are jurisdictional in nature and that if they are not met, a circuit court lacks jurisdiction to consider a Rule 37 petition. *Id.*

The appellant's first petition lacked verification and was therefore invalid. Her second petition was not filed within the sixty-day time limit of Rule 37.2(c). As such, the circuit court lacked jurisdiction to grant the relief requested. If the circuit court is without jurisdiction to consider a petition, this court, too, is without jurisdiction to consider the appellant's claims. *Williamson v. State*, 2012 Ark. 170, at 4 (per curium).

Dismissed.

GLADWIN and BROWN, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Senior Ass't Att'y Gen., for appellee.