Cite as 2020 Ark. App. 537

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-20-241

| | | |
|---|---|---|
| CLYDE E. WALLACE | | Opinion Delivered: December 2, 2020 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-17-539] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | | DISMISSED |

## RITA W. GRUBER, Chief Judge

Clyde Wallace pleaded guilty in the Garland County Circuit Court to second-degree sexual assault, and an order of judgment was entered on February 1, 2018, convicting him thereon and sentencing him to twenty years' imprisonment. No appeal was taken from that order. On January 31, 2020, Wallace filed a pro se motion to withdraw his plea and vacate his sentence. On February 3, 2020, the circuit court denied Wallace's motion. Wallace filed a timely appeal, which we dismiss.

Arkansas Rule of Criminal Procedure 26.1(a) provides that a "plea of guilty . . . may not be withdrawn under this rule after entry of judgment." Ark. R. Crim. P. 26.1(a) (2019). If the defendant is in custody, a motion to withdraw a plea filed after entry of judgment will be treated as a postconviction motion under Arkansas Rule of Criminal Procedure 37. *Mims*

*v. State*, 360 Ark. 96, 97, 199 S.W.3d 681, 682 (2004); *see also Hall v. State*, 2009 Ark. 347 (holding that when a sentence has been entered and placed in execution prior to the filing of a motion to withdraw the guilty plea upon which it was based, the motion must be treated as having been made pursuant to Arkansas Rule of Criminal Procedure 37.1). If a conviction was obtained on a plea of guilty, a postconviction petition under Rule 37 must be filed in the appropriate circuit court within ninety days of the date of entry of judgment. Ark. R. Crim. P. 37.2(c) (2019).

The petition in this case was filed almost two years after judgment was entered. The time limits imposed by Rule 37 are jurisdictional in nature; if they are not met, a circuit court lacks jurisdiction to consider the petition. *Shaw v. State*, 363 Ark. 156, 157, 211 S.W.3d 506, 508 (2005). If the circuit court is without jurisdiction to consider a petition, this court is also without jurisdiction. *See, e.g., Stearns v. State*, 2019 Ark. App. 486. Accordingly, we dismiss the appeal.

Dismissed.

GLADWIN and HARRISON, JJ., agree.

*Clyde E. Wallace*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.